**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DENNIS BORDERS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CAUSE NO. 3:05-CV-409 TLS |
| JOHN VANNATTA, | ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Dennis Borders, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner is serving a twenty year sentence for his 2004 Tippecanoe County convictions for possession of marijuana, conspiracy to deal marijuana, and for being a habitual substance offender. In his habeas corpus petition Mr. Floyd seeks to challenge his guilty pleas. The respondent asserts that the petitioner has failed to exhaust his stare court remedies.

The parties' submissions establish that Mr. Floyd pled guilty on July 20, 2004, and was sentenced on September 2, 2004. On November 7, 2005, the trial court granted the petitioner's request to file a belated notice of appeal. The petitioner's direct appeal is still pending; on May 11, 2006, the petitioner filed his appellant's brief.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999). Mr. Borders has not yet exhausted his state court remedies on the issues he seeks to present in this petition. Accordingly, the Court will

dismiss this petition without prejudice to the petitioner's right to refile these claims after he has exhausted his administrative remedies.

For the foregoing reasons, the court the court DENIES this petition without prejudice pursuant to 28 U.S.C. § 2254(b)(1)(A)**.**

SO ORDERED on June 28, 2006.

 /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT